The judgment and order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, MCLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.

---

W. PRESTON HIX, Respondent, v. EDISON ELECTRIC LIGHT COMPANY, Appellant.

*New calendar for the Trial Term in New York city — what excuse for a failure to put a cause thereon is insufficient to sustain an order adding the cause to the calendar.*

Where the Appellate Division in the first department directs the making of a new calendar of issues of fact for the Trial Term, and, in accordance with a long-established custom, directs that no cause upon the old calendar shall be placed upon the new calendar unless a notice is filed with the clerk stating, among other things, that such cause has not been disposed of or settled, a statement by the attorney for the plaintiff in a cause which had been upon the old calendar, to the effect that he had instructed one of his clerks to file a new note of issue and that such clerk had neglected to do so, is not a sufficient excuse for the failure to file the notice.

APPEAL by the defendant, the Edison Electric Light Company, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 25th day of November, 1902, granting the plaintiff's motion to restore the case to its position on the Trial Term calendar.

*John C. Rowe*, for the appellant.

*Millard F. Tompkins*, for the respondent.

PATTERSON, J.:

By an order of the Appellate Division of the Supreme Court in the first department, dated April 28, 1902, it was directed that a new calendar of issues of fact for the Trial Term be made up for October, 1902. It was also directed in such order that no cause

upon the then present general calendar of such issues should be placed on the new calendar unless a notice were filed with the clerk on or before the 8th day of September, 1902, stating that such cause had not been disposed of or settled and " specifying thereon title in full, attorneys' names, the date of issue and the number on the present calendar." This order was made pursuant to the practice which has obtained for some forty years in this department in making up a new general calendar of issues to be tried at the Circuit Courts or at the Trial Terms.

The purpose of the order was to sift the calendar and remove therefrom all cases that had ceased to present living issues. The above-entitled cause had been upon the general calendar for the trial of jury issues prior to 1902, but the plaintiff failed to file the note of issue required by the order of the Appellate Division of April 28, 1902. In November, 1902, the plaintiff made a motion to have the cause restored to its position on the calendar of the court made up in October, 1902, and the only ground upon which the application was made was that the plaintiff's attorney had instructed one of the clerks in his office to file a new note of issue and that he, the attorney, was greatly surprised to learn that it had not been done and the case did not appear upon the calendar of the court. That is not a sufficient excuse. The order of the Appellate Division was one made pursuant to the regular course of practice and was necessitated by a condition into which the general calendar for jury trials from time to time falls in the city of New York. It is not meant to be such an inflexible rule as to prevent the granting of an application to have a cause put upon a new calendar where a sufficient and reasonable excuse is presented for not complying with it within the time specified therein. The excuse offered here cannot be accepted as sufficient, and the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., INGRAHAM, HATCH and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.