## LOFTUS v. OPPENHEIM et al.

(Supreme Court, Appellate Division, First Department. June 19, 1903.)

1. TRIAL CALENDAR—NOTE OF ISSUE—FAILURE TO FILE—SUFFICIENCY OF EX-
CUSE.

>An affidavit of a party's attorney to the effect that the failure to file a note of issue was due to the neglect of a clerk to comply with instructions so to do, when unaccompanied by the name of the clerk, or reasons why an affidavit of such clerk was not presented by him showing how the omission occurred, was insufficient to justify an order placing the cause on the general calendar for trial.

Appeal from Trial Term, New York County.

Action by Thomas J. Loftus against Myron H. Oppenheim and another. From an order permitting plaintiff to file a note of issue and place the cause on the general calendar for trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

S. Livingston Samuels, for appellants.
Max Steuer, for respondent.

PER CURIAM. On the 4th of March, 1903, an order was made on plaintiff's motion that this cause be placed upon the general calendar of this court in the position it would have occupied had a note of issue been filed prior to the first Monday of October, 1902, and defendants have appealed. The basis of the order is an affidavit of an attorney who states that during the summer of 1902 he had charge of the office of plaintiff's attorney, who was absent in Europe, and that owing to the vast amount of business which he had under his supervision he instructed a clerk in the office to file a note of issue in all cases then pending and undetermined, and that he had only recently discovered that the clerk had failed to do as he was told, and by reason thereof a note of issue was not filed, and this case was not placed on the general calendar. The name of this clerk is not given, nor are any facts stated from which it can be seen that the failure to file the note of issue to place the cause upon the calendar was due to his inadvertence, other than the statement of the attorney. A sufficient excuse, therefore, was not presented to justify the court in making the order appealed from. Hix v. Edison Electric Light Co., 78 App. Div. 384, 79 N. Y. Supp. 1016. Something more must be shown to justify such an order than the neglect of a clerk in the office, whose name is not given or any reasons stated why an affidavit is not presented by him showing how such omission occurred.

The order appealed from therefore must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.